UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLES W. HANOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:21 CV 34 ACL |
| DICKY G. HANOR, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

Plaintiff Charles W. Hanor filed this action against Defendant Dicky G. Hanor, alleging various state law claims and requesting a declaratory judgment under the Declaratory Judgment Act. (Doc. 1.)  Presently pending before the Court are the following motions filed by Defendant Dicky Hanor:  Motion to Dismiss Conversion and Declaratory Judgment Claims (Doc. 6); and Motion to Strike (Doc. 8).  These matters are fully briefed and ripe for disposition.

## **Background**

The Complaint reveals Plaintiff Charles W. Hanor and Defendant Dicky G. Hanor are brothers who grew up near Charleston, Missouri, where their family owned a large amount of farmland.  Defendant began farming the property in the 1970s, paying rent to his parents, until their mother Irene died in 2014.  When Irene died, Plaintiff and Defendant inherited the property.  Each brother inherited a full half-interest in part of the property, and a life estate in the other part of the property.  The brothers entered into a partnership under which Defendant continued to farm the jointly owned land.  From 2014 to 2016, Defendant farmed the property and made rent payments to Plaintiff.  Defendant retired in 2016, at which time the farm was rented to a third party.

1

The Complaint is 57 pages long, containing 407 paragraphs, and 15 exhibits. (Doc. 1.). Put simply, Plaintiff alleges that Defendant underpaid him rent and overcharged him expenses beginning in 2014. He further alleges that the parties dispute whether Plaintiff owes Defendant any money for irrigation pivots that are used in the farming operations. The Complaint sets forth the following distinct claims: (1) breach of agency contract; (2) breach of partnership agreement; (3) breach of contract; (4) common law fraud; (5) common law conversion; (6) breach of fiduciary duty; and (7) declaratory judgment. Plaintiff requests actual damages; compensatory damages; a judgment declaring that Plaintiff owes Defendant nothing for irrigation pivot units, wells, electrical wiring, and pumps and that they are fixtures; and attorneys' fees, expert witness fees, costs, pre-judgment interest, and post-judgment interest.

**I.     Motion to Dismiss**

Defendant filed a Motion to Dismiss Plaintiff's conversion and declaratory judgment Claims for failure to state a claim upon which relief can be granted. Plaintiff opposes the Motion. (Doc. 13.)

**A. Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a

plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**B. Conversion**

Plaintiff's conversion claim consists of the following allegations:

357.  Plaintiff Charles Hanor restates and incorporates the allegations contained in the above paragraphs.

358.  As explained above, Plaintiff has at all times relevant to the matter been the true and rightful owner of the property identified above.

359.  Plaintiff has at all times relevant to the matter been the true and rightful owner of the property and assets of Plaintiff.

360.  Beginning in 2014, Defendant unlawfully and without authority assumed control over Plaintiff's property inconsistent with Plaintiff's rights in their property.

361.  Defendants did an unauthorized and wrongful assumption and exercise of dominion and control over the personal property of Plaintiffs, to the exclusion of or inconsistent with the Plaintiffs' rights.

362.  Defendant has begun and is using the property of Plaintiff.

363.  Plaintiff therefore sue for the fair market value of the converted property.

364.  Defendant's conversion and Defendant's knowing use of Plaintiffs' property was willful and malicious, and in conscious disregard of Plaintiffs' rights.

>365.  Plaintiff is entitled to an award of exemplary damages sufficient to punish Defendant and serve as a deterrent to such unlawful conduct.
>
>366.  Plaintiff seeks from Defendant an award of damages that exceeds the minimum jurisdictional limits of this Court.

(Doc. 1 at p. 50-51.)

Defendant argues that Plaintiff's conversion claim should be dismissed because Plaintiff has not identified any personal property subject to conversion.  Defendant notes that Plaintiff only alleges that he is the owner of "the property identified above," referring to the previous 356 paragraphs.  (Doc. 1 at p. 50.)  Defendant further argues that Plaintiff's conversion claim fails because conversion is not the proper remedy to recover money.

Plaintiff responds that his case fits an exception to the general rule that conversion is not a proper theory where the claim involves money, in that the payments at issue are of a specific amount and for a specific purpose.  (Doc. 13.)  Plaintiff states that Defendant "was delivered a specific amount of money for renting the jointly owned land of the partnership, and rather [than] give it to the partnership, he deliberately concealed the receipt of the specific amount of money and pocketed the amounts of the checks." *Id.* at p. 5.  Plaintiff refers to the first paragraph of the Complaint, which states that Defendant "pocketed all of the concealed, sizeable potato rent" checks.  (Doc. 1 at p. 1.)  He also cites to allegations in the Complaint that refer to checks written to Plaintiff by Defendant from the rent received from Black Gold Farms and Sowinski Farms for potato leases.  (Doc. 13 at p. 6-7; Doc. 1 at p. 32, 34-35.)  Plaintiff alleges that the amounts mailed to him do not constitute half of the total rent received by Defendant.  Plaintiff further argues that he alleged that he delivered funds to Defendant for expenses related to the farm and that these funds "were diverted to another purpose such that Defendant overcharged Plaintiff by 100 percent for expenses in some instances."  (Doc. 13 at p. 7) (citing Complaint, Doc. 1, at p.

4

1.) To the extent the amounts converted are not sufficiently identified in the Complaint, Plaintiff requests leave to amend the Complaint.

In his Reply, Defendant argues that Plaintiff's claim fails because he has not alleged that there are specific checks to which he had an immediate right to possession. (Doc. 15.) Defendant points to the allegations in the Complaint that Plaintiff is suing "for the fair market value of the converted property." (Doc. 1 at p. 51.) Defendant argues that this allegation is inconsistent with an allegation of conversion of a check, which would request actual value of the check rather than "fair market value." Defendant contends that, even if Plaintiff was suing for the value of checks, his claim would fail, as Plaintiff does not allege that Defendant took a check made out to Plaintiff and kept it for himself.

Under Missouri law, conversion is the unauthorized assumption and exercise of ownership rights over the personal property of another party to the exclusion of the owner's rights. *IOS Capital, LLC v. Allied Home Mortg. Capital Corp.,* 150 S.W.3d 148, 152 (Mo. Ct. App. 2004) (citation omitted). To establish a claim for conversion, a plaintiff must show that: (1) the plaintiff was the owner of the property or was entitled to possession of the property, (2) the defendant took possession of the property with the intent to exercise some control over it, and (3) the defendant thereby deprived the plaintiff of the right to possession of the property. *Id.* at 153. Conversion is "generally is not a proper [legal] theory where the claim involves money, as opposed to a specific chattel." *Johnson v. GMAC Mortgage Corp.,* 162 S.W.3d 110, 125 (Mo. Ct. App. 2005) (cited case omitted). This principle, however, "is subject to a 'narrow exception' in cases where the plaintiff delivers funds to the defendant for a specific purpose only to have the defendant divert those funds to another and different purpose of the defendant." *Id.* (cited case omitted).

In *Johnson*, the plaintiff alleged he made two payments to the mortgagor for the specific purpose of crediting the money to an escrow account, and the Defendant never credited the money to this account. The Court held these allegations were sufficient to plead a claim for conversion. *Johnson*, 162 S.W.3d at 125-126. *See also In re Estate of Boatright,* 88 S.W.3d 500, 507-08 (Mo. Ct. App. 2002) (proceeds from sale of a specific piece of real estate wrongfully removed from a joint bank account constituted specific chattel subject to an action for conversion); *Brandhorst v. Carondelet Savings and Loan Ass'n*, 625 S.W.2d 696, 698 (Mo. Ct. App. 1981) (plaintiff's money given to a bank teller for payment of debt was the proper subject of a conversion action because the bank had misappropriated funds entrusted to it for a specific purpose).

In this case, the money allegedly owed to Plaintiff was not in Plaintiff's control and given in trust to Defendant for a specific purpose and then misappropriated. Instead, Plaintiff alleges that Defendant received crop rent directly from a farmer and then allegedly sent Plaintiff less than his fair share. "There is no claim for conversion where the defendant allegedly retained funds" or reallocated them to itself. *Citimortgage, Inc. v. K. Hovnanian American Mortg., L.L.C.*, No. 4:12CV01852-SNLJ, 2013 WL 5355471, at *2 (E.D. Mo. 2013). Plaintiff cannot, "recast what amounts to a claim for damages into a claim for conversion." *Id.; see also Express Scripts, Inc. v. Walgreen Co.,* No. 4:08cv1915 TCM, 2009 WL 4574198, at *5-6 (E.D. Mo. 2009) (distinguishing the identifiable chattel and specific purpose exception from seeking "reimbursement on a debt or breach of [an agreement]").

Because Plaintiff does not allege there were checks to which he had an immediate right to possession that were misappropriated, he has not stated a cognizable conversion claim under

6

Missouri law. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's conversion claim.

### C. Declaratory Judgment

As previously noted, Plaintiff seeks a judgment declaring that under the Declaratory Judgment Act ("DJA"), he owes Defendant nothing for irrigation pivot units, wells, electrical wiring, and pumps, and that they are fixtures. (Doc. 1 at p. 53-54.) The Complaint states that Defendant claims that Plaintiff owes Defendant rent and over $100,000 for irrigation pivot units, wells, and pumps that were affixed to the farmland over 25 years ago. *Id.* at 53. Plaintiff disputes that he so owes Defendant. He argues that the oral agreement and partnership agreement entered into by Plaintiff and Defendant never contemplated capital expenditure recoupment for fixtures of the property inherited by the co-owners. *Id.* Plaintiff contends that Missouri law provides that irrigation wells and irrigation pivot units constructed on farmland are fixtures and belong to the land and landowner.

In his Motion to Dismiss, Defendant argues that there is no justiciable controversy to warrant a declaratory judgment in this case. Defendant notes that Plaintiff's claim relates to Defendant's 2017 request that the farmland be petitioned and contemporaneous demand that Plaintiff credit Defendant for the irrigation pivots that Defendant had purchased. Defendant states that the parties did not partition the farm at that time because the brothers only have life estates in a portion of the farm subject to the remainder interests of the parties' descendants. Defendant concedes that he "does assert that Charles owes him for the pivots under certain circumstances," but argues that "a declaratory judgment is not the correct remedy at this time," as partition proceedings have not been filed in state court. (Doc. 7 at p. 5.)

7

Plaintiff argues that he has a legally protectable interest at stake in that he is a co-owner of the Hanor farmland and Defendant claims that he solely owns the pivot irrigation units built on the jointly owned farmland.  He further argues that this issue is related to the present litigation because the contested ownership of the pivots is used by Defendant to justify underpayment as offset for the rent he received on the land.  As such, Defendant agues that ownership of the pivot units is an immediate and real controversy between the parties justifying declaratory relief.

The DJA provides in part:

In a case of actual controversy within its jurisdiction
... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The Supreme Court requires that, to meet the case-or-controversy requirement of Article III, a declaratory judgment "dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citations and internal punctuation omitted).

In this case, the facts establish a justiciable controversy.  Defendant demanded $100,000 from Plaintiff in 2017 due to his claim of full ownership of the pivots.  Defendant's statement in his Motion to Dismiss that he "does assert that Charles owes him for the pivots under certain circumstances," reveals that Defendant continues to believe he solely owns the pivot irrigation units built on the jointly owned farmland.  Although no partition action was filed, this controversy continues to exist and is relevant to the issues in the instant action.

8

The Court therefore finds that the claim in this case is not a hypothetical, conjectural, or conditional question, or one based upon the possibility of a factual situation that may never develop. Rather, the factual basis for the claim—Defendant's 2017 demand for credit for the pivots—is a past event that is neither abstract nor hypothetical. The controversy is real, definite, and concrete, because all of the acts necessary for resolution of the claim occurred before Plaintiff filed the Complaint and still exist today.

Thus, Defendant's Motion to Dismiss Plaintiff's claim for declaratory relief will be denied.

## II.     Motion to Strike

Defendant has also filed a Motion to Strike paragraphs 405-407 of the Complaint as immaterial and impertinent. These paragraphs are titled "Notice of Litigation Hold Requirement." (Doc. 1 at p. 55-56.) They purport to advise Defendant of his duty to preserve documents and electronically stored information, and of the consequences resulting from any failure to preserve this information. *Id.* Defendant argues that these paragraphs have no relation to Plaintiff's claims and would prejudice Defendant by "confusing the issues and laying the foundation for unnecessary discovery disputes." (Doc. 9 at p. 2.)

Plaintiff responds that Defendant's Motion to Strike should be denied because Defendant fails to show any prejudice caused by inclusion of these "standard" paragraphs.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted). However, striking a party's pleading is a disfavored and extreme measure. *Id.* (citation omitted).

In ruling on a motion to strike pursuant to Rule 12(f), a court must construe the pleadings in the light most favorable to the nonmoving party and even where allegations are redundant or immaterial, they should be stricken "only if prejudicial to the moving party." *Giblee v. RJW Transp., Inc.,* Nos. 1:10CV0060SNLJ, 1:10CV0120SNLJ, 2010 WL 4974863, at *2 (E.D. Mo. 2010); *see also Morgan v. Midwest Neurosurgeons, LLC,* No. 1:11CV37 CEJ, 2011 WL 2731534, at *1 (E.D. Mo. July 12, 2011). In short, motions to strike are disfavored and infrequently granted. *Giblee,* 2010 WL 4974863, at *2 (citing 2 James W. Moore, *et al.,* Moore's Federal Practice § 12.37[3] (3d ed. 2009)).

Here, the paragraphs at issue are impertinent to Plaintiff's claims. This is confirmed by Plaintiff's statement that even if the paragraphs are stricken, "it does not relieve or absolve Defendant of the duty to preserve evidence in relation to this litigation." (Doc. 13 at p. 2.) Even so, the prejudice requirement has not been met. Thus, the Court declines to strike the challenged paragraphs.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss Conversion and Declaratory Judgment Claims (Doc. 6) is **granted in part**, in that Plaintiff's conversion claim is hereby **dismissed**. Defendant's request to dismiss Plaintiff's declaratory judgment claim is **denied.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (Doc. 8) is **denied.**

/s/ *Abbie Crites-Leoni*
United States Magistrate Judge

Dated: July 29, 2021